IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard L. O'Neil, ) | No. CV-11-02170-PHX-ROS |
|        Petitioner, ) | **ORDER** |
| vs. ) | |
| Charles Ryan, et al., ) | |
|        Respondents. ) | |

On November 4, 2011, Petitioner Richard L. O'Neil filed a petition for writ of habeas corpus. (Doc. 1). On November 20, 2012, Magistrate Judge David K. Duncan issued a Report and Recommendation ("R&R") recommending the petition be denied as untimely. Petitioner filed objections to the R&R. (Doc. 15).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Where any party has filed timely objections to the magistrate judge's report and recommendations, the district court's review of the part objected to is to be *de novo. Id.* Here, Petitioner has objected to "the entirety" of the R&R. (Doc. 15 at 2). Generally, objections must be *specific*. Fed. R. Civ. P. 72(b)(2). And "general, non-specific objections" are not sufficient to require the District Court "conduct *de novo* review of the entire R & R." *Sullivan v. Schriro*, 2006 WL 1516005 (D. Ariz.). Thus, Petitioner is not entitled to *de novo* review. In an abundance of caution, however, the Court has overlooked the insufficient nature of the objections and

1 reviewed the issues *de novo*. Based on that review, Petitioner is not entitled to relief.

2     A "petition for writ of habeas corpus ordinarily must be filed within one year after the
3 state court judgment becomes final by the conclusion of direct review or the expiration of the
4 time to seek direct review." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). This one-
5 year clock is subject to statutory and equitable tolling. *Wood v. Milyard*, 132 S. Ct. 1826,
6 1831 (2012). As explained in the R&R, Petitioner's conviction became final on September
7 28, 2008. Thus, Petitioner should have filed his petition no later than September 28, 2009.
8 Petitioner, however, waited until November 4, 2011 to file his petition. Absent statutory or
9 equitable tolling, the petition is well outside the permissible time frame.

10     The application of statutory tolling is straightforward. Petitioner did not have any
11 form of request for post-conviction relief pending in state court between September 2008 and
12 2010. Petitioner did seek post-conviction relief in 2010, but that was well after the one-year
13 period had expired and that untimely attempt does not revive the federal limitations period.
14 Accordingly, there is no basis for statutory tolling of the deadline.

15     In an attempt to establish equitable tolling, Petitioner argues he is actually innocent
16 of the crimes at issue. Petitioner appears to have voluntarily dismissed his "actual
17 innocence" claim earlier in this case but even assuming Petitioner has presented such a claim,
18 it is not meritorious. (Doc. 7, 13). The arguments Petitioner makes regarding "actual
19 innocence" were presented and rejected during trial and on direct appeal. They remain
20 unconvincing and cannot serve as a basis for equitable tolling.

21     Neither statutory nor equitable tolling applies, meaning this petition is untimely.
22     Accordingly,
23     **IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED**. The
24 petition for a writ of habeas corpus is **DENIED**. The Clerk shall enter judgment accordingly.
25 /
26 /
27 /
28

1 **IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED**. Dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

DATED this 30th day of January, 2013.

*/s/ Roslyn O. Silver*
Roslyn O. Silver
Chief United States District Judge