1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                    FOR THE DISTRICT OF ARIZONA
8
9   Richard L. O'Neil,                    )    No. CV-11-02170-PHX-ROS
                                          )
10              Petitioner,               )    **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Charles Ryan, et al.,                 )
13                                        )
                Respondents.              )
14  _____  )
15
16          On November 4, 2011, Petitioner Richard L. O'Neil filed a petition for writ of habeas
17  corpus.  (Doc. 1).  On November 20, 2012, Magistrate Judge David K. Duncan issued a
18  Report and Recommendation ("R&R") recommending the petition be denied as untimely.
19  Petitioner filed objections to the R&R.  (Doc. 15).
20          A district judge "may accept, reject, or modify, in whole or in part, the findings or
21  recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  Where any party has
22  filed timely objections to the magistrate judge's report and recommendations, the district
23  court's review of the part objected to is to be *de novo*.  *Id.*  Here, Petitioner has objected to
24  "the entirety" of the R&R.  (Doc. 15 at 2).  Generally, objections must be *specific*.  Fed. R.
25  Civ. P. 72(b)(2).  And "general, non-specific objections" are not sufficient to require the
26  District Court "conduct *de novo* review of the entire R & R." *Sullivan v. Schriro*, 2006 WL
27  1516005 (D. Ariz.).  Thus, Petitioner is not entitled to *de novo* review.  In an abundance of
28  caution, however, the Court has overlooked the insufficient nature of the objections and

reviewed the issues *de novo*.  Based on that review, Petitioner is not entitled to relief.

A "petition for writ of habeas corpus ordinarily must be filed within one year after the state court judgment becomes final by the conclusion of direct review or the expiration of the time to seek direct review."  *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010).  This one-year clock is subject to statutory and equitable tolling.  *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012).  As explained in the R&R, Petitioner's conviction became final on September 28, 2008.  Thus, Petitioner should have filed his petition no later than September 28, 2009.  Petitioner, however, waited until November 4, 2011 to file his petition.  Absent statutory or equitable tolling, the petition is well outside the permissible time frame.

The application of statutory tolling is straightforward.  Petitioner did not have any form of request for post-conviction relief pending in state court between September 2008 and 2010.  Petitioner did seek post-conviction relief in 2010, but that was well after the one-year period had expired and that untimely attempt does not revive the federal limitations period.  Accordingly, there is no basis for statutory tolling of the deadline.

In an attempt to establish equitable tolling, Petitioner argues he is actually innocent of the crimes at issue.  Petitioner appears to have voluntarily dismissed his "actual innocence" claim earlier in this case but even assuming Petitioner has presented such a claim, it is not meritorious. (Doc. 7, 13). The arguments Petitioner makes regarding "actual innocence" were presented and rejected during trial and on direct appeal.  They remain unconvincing and cannot serve as a basis for equitable tolling.

Neither statutory nor equitable tolling applies, meaning this petition is untimely.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 14) is **ADOPTED**.  The petition for a writ of habeas corpus is **DENIED**.  The Clerk shall enter judgment accordingly.

/

/

/

1    **IT IS FURTHER ORDERED** a Certificate of Appealability is **DENIED**.  Dismissal

2    of the petition is justified by a plain procedural bar and jurists of reason would not find the

3    ruling debatable.

4    DATED this 30th day of January, 2013.

5

6

7    _____
     Roslyn O. Silver

8    Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28